## Cox, et al. v. Kentucky-Tennessee Light & Power Company.

(Decided December 18, 1925.)

### Appeal from Warren Circuit Court.

1. Electricity—Purchasers of Standing Timber Held Entitled to Payment by Electric Company for Trees Cut on Right of Way.—Where landowners, who sold standing timber, except cedar, subsequently sold right of way for electric power line, electric company to pay damages in specified amounts for trees cut or trimmed, "except timber sold," held that purchasers of timber were entitled to amounts payable for cutting or trimming trees, except cedar.

2. Pleading—Contract Attached as Exhibit Controls Allegations.—Contract attached to pleading as exhibit controls allegations thereof.

G. D. MILLIKEN and W. B. GAINES for appellants.

THOMAS, THOMAS & LOGAN for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

In June, 1923, appellant, Ella Cox, and other heirs of John Cox, deceased, owners of a farm in Warren county, entered into a contract with the firm of DeWeese & Kinser, whereby they sold to that firm certain timber on their farm, with the right to take and remove the same within four (4) years. The cedar timber, however, was reserved. The timber had not been moved in May, 1924, when the Cox heirs made and entered into a written contract with appellee, Kentucky-Tennessee Light & Power Company, whereby they in consideration of one dollar, granted, conveyed and released unto the company, its successors and assigns, permanently, a right of way described as "the right, privilege and authority to construct, reconstruct, operate and maintain and at its pleas-

ure to remove its electric lines, or any part thereof, including the necessary poles, wires, guys and appurtenances for the purpose of conducting and distributing electricity over and across'' their lands. The contract also provided that the company shall have the right to cut down or trim from time to time, without further payment, any trees or brush along the lines of the right of way 100 feet wide. This provision is also in the contract: ''The said company shall pay us for any other damages to said property for which the company or its agents are responsible.''

The last paragraph of the contract provides:

''For trees 12 inches in diameter and up, $5.00; six inches in diameter and up to 12 inches, $1.00; trimming trees six inches and up in diameter, $1.00; each pole set, $1.00; each guy wire, $1.00.''

On the margin of the contract was inscribed these words: ''Except timber sold to Kinser and DeWeese.'' This sentence was placed on the margin of the contract after the writing had been prepared and signed, by and with the consent of both parties, and it is the construction that is to be put upon these words that will determine this litigation.

The electric company cleared the right of way, cutting a great deal of timber, and erected its line. The timber estimated at the price of $5.00 per tree 12 inches in diameter, and $1.00 per tree six inches in diameter and up to 12 inches, amounted to about $1,200.00. This suit was commenced by the electric company against the Cox heirs and the firm of DeWeese & Kinser, to determine to whom the money was going, it being averred in the petition that the firm of DeWeese & Kinser claimed the money due for the timber as being a part of that which the Cox heirs sold them, and the Cox heirs claimed the money as consideration for the right of way, asserting that the right of way was granted in consideration of the payment to them by the company of a sum equal to ''$5.00 per tree for all trees cut from the right of way 12 inches and up in diameter, and $1.00 per tree for all trees six inches in diameter and up to 12 inches,'' and the payment of such other damages as resulted to the lands, including one dollar for each pole set and each guy wire installed on the Cox lands. The firm of DeWeese & Kinser answered and asserted their claim to the money,

$1,240.00, averring that they had purchased all the timber standing on the Cox lands except the cedar, by written contract, paid the purchase price, and then had the privilege of allowing the timber to stand upon the lands of the Cox heirs for four years from its purchase in June, 1923. They denied that the Cox heirs had any right to any of the money save that part due for cedar trees cut from the right of way by the company. With the answer they filed a copy of their contract of June 13, 1923, by which they purchased for $1,200.00 the standing timber on the Cox lands. The Cox heirs filed their answer making it a cross-petition against DeWeese & Kinser, by which they claimed the whole of the $1,240.00 due by the company on the timber, admitted the timber which was cut by the company belonged to DeWeese & Kinser, and averred it had been cut into log lengths but not damaged; that the cutting had been an advantage to DeWeese & Kinser, and that the Cox heirs were entitled to receive from the electric company a sum equal to $5.00 for the large trees and one dollar each for the small trees cut from the right of way. All parties filed a copy of the contract between the electric company and the Cox heirs as exhibit to their pleadings and relied upon the contract in support of their contention. General demurrers were filed to the several pleadings, and the issues were finally made up. The court sustained a general demurrer to the answer of the Cox heirs. They filed an amended answer, to which a general demurrer was sustained by the court. The cause was then submitted for final judgment and the court held that the electric company should pay to the Cox heirs the sum of one dollar for each pole on the Cox lands and $1.00 for each guy wire located thereon, and further for each cedar tree cut or trimmed on said lands the company should pay the Cox heirs the sum of one dollar for all under 12 inches in diameter and above six inches, and $5.00 per tree for all cedar trees 12 inches in diameter or more, cut or trimmed; and that the company should pay to the firm of DeWeese & Kinser $902,00, the balance of the money owing for the trees cut on the Cox heirs' land, $246.00 to go to Maggie Abrams, a daughter of Mrs. Cox, who owned an adjoining tract. From this judgment the Cox heirs appeal, but the firm of DeWeese & Kinser prosecute no cross-appeal.

The proper solution of this controversy rests upon the construction of the contract made between the electric company and the Cox heirs. Admittedly the Cox heirs

had sold all the standing timber on their land except the cedar to the firm of DeWeese & Kinser about a year before the electric company bought the right of way. All the timber cut by the company, except the cedar, belonged to the firm of DeWeese & Kinser. The Cox heirs had no right to it, but they did have a right to receive and collect the agreed price for each cedar tree taken from the right of way. It appears that at the time the contract between the electric company and the Cox heirs was made the company was not aware of the fact that timber belonged to DeWeese & Kinser, and when that fact became known the agents of the company and the Cox heirs, by mutual agreement, wrote on the margin of the contract the words "Except timber sold to Kinser & DeWeese." Appellants insist that this notation was made in order to show that the Cox heirs had given notice to the company of the fact that the timber belonged to the firm of DeWeese & Kinser and not to indicate that the company was to pay DeWeese & Kinser for the timber cut and thus be relieved from paying the Cox heirs a sum equal to the price named for the trees cut on the right of way for the consideration of the grant. The company insists that the grant was in consideration of the payment of one dollar and the further payment of such damages as might be occasioned to the farm by the erection of the power line, including one dollar per pole and one dollar per guy wire, and there was no other consideration except that resulting from the payment for such trees as were taken from the lands. Appellants were not damaged by the cutting of the timber which belonged to DeWeese & Kinser, and were not, therefore, entitled to collect for such trees cut from the right of way. The contract between the company and the Cox heirs, in part, reads: "Received from Kentucky-Tennesee Light & Power Company, incorporated, one dollar ($1.00) in consideration of which Eliza Cox & her sons and wives, . . . hereby grant, convey and release to the said company . . . permanently, the right, privilege and authority to construct," its power line. No further consideration is recited in the contract. The other provisions relate to the payment of damages for injury to the lands and to the timber growing thereon. True, appellants attempted in their amended answer to plead that certain parts of the contract were omitted from the writing, but the pleading in this respect is insufficient, and in fact, does not seem to have been seriously relied upon by appellants. The contract made an exhibit

to the pleadings controls the averments. With the record in this condition the court properly adjudged appellants, Cox heirs, entitled to recover only the value of the cedar trees cut by the company from the right of way, together with such sums as were due under the contract for the setting of poles and installation of guy wires, and adjudged the balance of the money due for timber to go to DeWeese & Kinser, the owners of the timber.

Judgment affirmed.